UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM MISIALOWSKI,

    Plaintiff(s),    CASE NUMBER: 07-14452
               HONORABLE VICTORIA A. ROBERTS
v.

DTE ENERGY COMPANY, DTE EDISON
AMERICA, INC. and THE DETROIT EDISON
COMPANY,

    Defendant(s).
_____/

# ORDER

**I. INTRODUCTION**

This matter is before the Court on: (1) Defendants' "Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint" (Doc. #10); and (2) Plaintiff Tom Misialowski's ("Misialowski") "Motion for Leave to Amend Complaint" (Doc. #12).

For the following reasons, Defendants' motion is **GRANTED**; Misialowski's motion is **DENIED**.

**II. BACKGROUND**

Misialowski says Defendants reported a delinquent utility bill to the credit reporting agencies when he was not behind in his payments. According to Misialowski, the error: (1) prohibits him from receiving competitive interest rates; (2) caused him to be denied credit on two occasions; and (3) lowered his credit rating from 795 to 635.

Misialowski informed Defendants of the error, but it was not corrected. On October 19, 2007, he filed a six-count Complaint for: (1) violation of the Fair Credit

1

Reporting Act ("FCRA"); (2) violation of the Michigan Consumer Protection Act; (3) negligence; (4) injurious falsehood; (5) libel; and (6) intentional infliction of emotional distress. Misialowski's proposed First Amended Complaint adds four claims: (1) violation of the Michigan Collection Practices Act; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) a public policy violation; and (4) conspiracy. He concedes the FDCPA claim.

## III. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted).

## IV. APPLICABLE LAW AND ANALYSIS

A. **Fair Credit Reporting Act**

Misialowski alleges Defendants violated 15 U.S.C. §§ 1681, 1681b, 1681c, 1681g, 1681h, 1681i, 1681m, 1681n, 1681o, 1681r, and 1681s-2.

However, section 1681 discusses the "Congressional Findings and Statement of Purpose"; it does not provide a cause of action. In addition, sections 1681n and 1681o discuss Defendants' potential liability: (1) section 1681n says Misialowski can recover punitive damages if Defendants willfully violated the FCRA; and (2) section 1681o says Misialowski can recover actual damages if Defendants negligently violated the FCRA.

The Court analyzes the remaining sections.

1. **Consumer Reporting Agency**

Misialowski says Defendants violated 15 U.S.C. §§ 1681b, 1681c, 1681g, 1681h, 1681i, and 1681r. However, these sections only apply to a "consumer reporting agency":

> Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. §1681a(f).

Defendants are not "consumer reporting agencies." These claims are dismissed.

2. **Users of Consumer Reports**

Section 1681m describes the duties of users of consumer reports: (1) in connection with an application for credit; (2) making written credit or insurance solicitations on the basis of information contained in consumer files; and (3) taking

3

"adverse action" on the basis of information contained in the reports.

Assuming Defendants are users of consumer reports, they did not use Misialowski's consumer report in connection with an application for credit or to make a written credit or insurance solicitation.

In addition, "adverse action" means "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. §1691(d)(6). It also includes:

> (i) a denial or cancellation of, an increase in any charge for, or a reduction or other adverse or unfavorable change in the terms of coverage or amount of, any insurance existing or applied for, in connection with the underwriting of insurance;
>
> (ii) a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee;
>
> (iii) a denial or cancellation of, an increase in any charge for, or any other adverse or unfavorable change in the terms of, any license or benefit described in section 1681b(a)(3)(D) . . .; and
>
> (iv) an action taken or determination that is . . . (I) made in connection with an application that was made by, or a transaction that was initiated by, any consumer, or in connection with a review of an account under section 1681b(a)(3)(F)(ii) . . .; and (II) adverse to the interests of the consumer.

15 U.S.C. §1681a(k)(1)(B). Defendants did not take an "adverse action" based on Misialowski's consumer report.

The Court dismisses Misialowski's 15 U.S.C. §1681m claim.

### 3. Furnishers of Information

#### a. 15 U.S.C. §1681s-2(a)

Section 1681s-2(a) states that furnishers of information must provide accurate information to consumer reporting agencies. However, the Court dismisses Misialowski's section 1681s-2(a) claim because it does not create a private right of action. *See Daniel v. Asset Acceptance L.L.C.*, 2007 WL 3124640 at *3 (E.D. Mich. Oct. 23, 2007); *see also e.g., Krieg v. Allstate Fin. Services*, 2007 WL 2974065 at *1 (9th Cir. Oct. 12, 2007) ("The district court properly dismissed [plaintiff's] FCRA claims because there is no private right of action for violations of 15 U.S.C. §1681s-2(a)"); *Knudson v. Wachovia Bank*, 2007 WL 2877564 at *4 (M.D. Ala. Oct. 4, 2007) ("There is no private right of action for violations of § 1681s-2(a)"); *Dalton v. Providian Nat'l Bank,* 2007 WL 1655509 at *3 (N.D. Ohio June 4, 2007) ("The FCRA does not provide a private right of action for violations of 15 U.S.C. 1681s-2(a).").

    **b.**    **15 U.S.C. §1681s-2(b)**

Section 1681s-2(b) addresses the duties furnishers of information have once they receive notice of a disputed claim. Courts are split regarding whether this section provides a private right of action. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (based on the statutory language and legislative history, court found there is a private right of action under §1681s-2(b)); *Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 11 (D. Mass. 2004) (same); *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 783 (W.D. Ky. 2003) (same); *but cf. Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D. Tenn. 1999) (only a consumer reporting agency can bring a §1681s-2(b) claim); *Zamos II v. Asset Acceptance, L.L.C.*, 423 F.Supp.2d 777, 788 (N.D. Ohio 2006) (same). Many courts declined to decide the question. *See Downs v. Clayton Homes, Inc.*, 88 Fed.Appx. 851, 853 (6th Cir. 2004) (unpublished)

(assuming, without deciding, that §1681s-2(b) allows a private right of action); *Zager v. Deaton*, 2005 WL 2008432 at *3 (W.D. Tenn. Aug. 16, 2005) (same); *Young v. Equifax Credit Info. Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (declining to decide).

It is unnecessary to decide whether 15 U.S.C. §1681s-2(b) provides a private right of action since the duties under that section are triggered only by notice from a consumer reporting agency; notice from the consumer is insufficient. *See Abdrabboh v. Capital One Bank*, 2006 WL 3004084 at *9 (E.D. Mich. Oct. 20, 2006); and *Downs*, 88 Fed. Appx. at 853-854. Further, "the fact that Defendant had actual notice of the dispute is irrelevant. A furnisher of incorrect credit information must have received notice from the credit reporting agency in order for subsection (b) duties to be triggered." *Zager*, 2005 WL 2008432 at *5; *see also Young*, 294 F.3d at 639; *Stafford*, 262 F.Supp.2d at 784; *Gibbs*, 336 F.Supp.2d at 11.

Misialowski's initial Complaint alleges he informed Defendants of the error; he does not allege Defendants received notice from a consumer reporting agency that the delinquent utility bill was in dispute. Based on the allegations in Misialowski's initial Complaint, his 15 U.S.C. §1681s-2(b) claim is dismissed.

In addition, Misialowski's proposed amendment would not withstand a motion to dismiss. He seeks to add the following allegations: (1) "Defendant[s] [have] been notified directly by the credit reporting agency(ies)"; (2) "Delphine . . . from [Defendant DTE Energy Company's] Accounts Recovery/Credit Dept . . . said she . . . had been notified of the problems by said agency(ies), and would fix the problem"; and (3) "the credit reporting agencies . . . notified Defendant[s] of the credit reporting errors and/or disputes."

6

Misialowski's allegations that Defendants were notified by a credit reporting agency gives rise to certain duties under 15 U.S.C. §1681s-2(b). After receiving notice, Defendants must: (1) conduct an investigation; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the investigation reveals that the information is incomplete or inaccurate, report the results to the other credit reporting agencies Defendants furnished the information to. *See* 15 U.S.C. §1681s-2(b)(1)(A)-(D).

Misialowski does not allege Defendants willfully failed to perform their duties or negligently performed their duties. *See* 15 U.S.C. §§ 1681n and 1681o. His motion to amend is denied as futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason - such as . . . futility of amendment, . . . - the leave [to amend] sought should . . . be 'freely given'"); *see also DeLorean*, 991 F.2d at 1240 (the complaint must contain allegations respecting all material elements).

### B. State Law Claims

The Court declines to exercise supplemental jurisdiction over Misialowski's state law claims. These claims are dismissed. *See Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1230 (6th Cir. 1997) ("A district court may decline to exercise supplemental jurisdiction over a state law claim where it has dismissed all of the federal claims over which it had original jurisdiction") (citing 28 U.S.C. §1367(c)(3)).

It would be futile to allow Misialowski to amend his Complaint to add additional state law claims.

### V. CONCLUSION

Defendants' motion is **GRANTED**; Misialowski's motion is **DENIED**. The Court **DISMISSES** Misialowski's federal law claim **WITH PREJUDICE**; his state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 1, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 1, 2008.

s/Linda Vertriest
Deputy Clerk